8942

STATE v. BLACKWELDER.

(82 S. E. 995.)

CRIMINAL LAW.  BANKS AND BANKING.

1. On indictment of a bank officer, under Crim. Code, sec. 296, for making an excessive loan of the bank's funds to another corporation in which he was an officer, in violation of Civil Code, secs. 2661 and 2662, where the evidence shows that the bank was regularly incorporated and charter duly issued (Civil Code, secs. 2838, 2839) and directors and other officers elected, it will be presumed that every prerequisite to its incorporation was done, and that it was a corporate bank of the State.
2. The State in making a criminal case need not anticipate or refute special defenses which defendant might interpose.

Before WILSON, J., Lexington, September, 1913.  Affirmed.

The defendant, J. A. Blackwelder, being indicted, and convicted of making an excessive loan of the funds of an incorporated bank, of which he was a director and officer,

FOOTNOTE.—As to the admissibility of parol evidence to show existence of *de facto* corporation in prosecution for an offense against a corporation, see note in 31 Am. & Eng. Ann. Cases 1914a, 151; also, as to proof of corporate existence, see note in 13 L. R. A. 370.

to another corporation, of which he was also an officer, in violation of Crim. Code, sec. 296, and Civil Code, secs. 2661 and 2662, appeals.

*Messrs. R. H. Welch* and *C. M. Efird,* for appellant, cite: Crim. Code 296; Civil Code, secs. 2654, 2851, 2853, and submit: *Appellant in criminal case is entitled to any error appearing on the record:* 12 S. C. 89; 27 S. C. 609; 34 S. C. 121; 21 S. C. 595.

*Mr. Solicitor Timmerman* and *Messrs. J. B. Wingard* and *Hunt, Hunt & Hunter,* for the State, respondent.

September 24, 1914.

The opinion of the Court was delivered by ·MR. JUSTICE WATTS.

The defendant was indicted for violating the bank laws of the State, and was tried before his Honor, Judge Wilson, and a jury, at the September term of the Court, 1913, for Lexington county. The indictment charged that the defendant was the president and a director of the Bank of Chapin, a corporation under the laws of this State, and was also an officer of the Ashley Manufacturing Company, another corporation of the State, and that as president of the bank he unlawfully loaned the Ashley Manufacturing Company certain sums of money amounting to more than one-tenth of the capital stock of the bank. The charter of the bank was put in evidence, and shows that the written declaration was filed on March 11, 1907, and that the charter was issued by the Secretary of State on March 28, 1907, the charter was regular in all respects, and was in the usual form to business corporations organized under the laws of the State.

The minutes of the meeting were introduced, which showed that due notice had been given, the books opened, stock subscribed, and a permanent organization effected, a board of directors elected, and that at a meeting on March

25, 1907, the defendant was elected by the board of directors president of the bank, and on March 25, 1908, at the annual meeting of the stockholders of the bank, a board of directors was elected, one of whom was the defendant, and on same day, at a meeting of directors of said bank, the defendant was re-elected president, and was the president until October 28, 1908, when he resigned by letter, and his resignation accepted  The defendant introduced no evidence.` The evidence in the case showed beyond doubt that the money loaned the Ashley Manufacturing Company was more than one-tenth of the capital stock of the Bank of Chapin, and that the defendant was also an officer of the Ashley Manufacturing Company.

The defendant was convicted; no motion was made for a new trial; after sentence defendant appeals on the following ground: "The appellant alleges that the judgment of the Court is erroneous and should be set aside for the reason that the uncontradicted evidence shows that at the time the overdrafts upon which the notes set out in the indictment were based, were made, that the Bank of Chapin was not organized as the statutes of the State require, in that the directors thereof had not issued to each of them and had not paid for ten shares of stock, and because there was no subscription book put in evidence showing that each of them had subscribed for ten shares of stock, or if there was evidence that they had so subscribed, there was no evidence that the petition or declaration for the charter provided that the capital stock should be paid in installments, and hence the bank was not organized as provided by the statutes of the State, and not being so organized, was not a corporate bank of the State and the criminal statute upon which the indictment is founded can have no application of this case."

The evidence shows that the bank was regularly incorporated, and charter duly issued, and in the absence of any proof to the contrary the presumption is that everything

necessary to be done prior to obtaining the charter was done, and the minutes show that the books were opened, stock subscribed, stockholders met, organized and elected directors, and directors elected officers. In the absence of evidence or circumstances showing the contrary everything prerequisite to be done is presumed to have been done to perfect the organization.

There was sufficient evidence to justify the jury in their finding in the absence of any proof to the contrary that the bank was regularly and duly organized in conformity to the law of the State, and that the defendant was a director and president of the same, and that as such he violated the plain provisions of the law as charged in the indictment against him. If the facts as contended for in the exception existed, it could have been easily made to appear by evidence of the defendant had he introduced it; this he failed to do, but contented himself with going to the jury on State's evidence, which evidence in the absence of explanation or contradiction was sufficient to sustain finding of the jury.

"On an indictment for retailing spirituous liquors without license the State need not prove that the defendant had not a license, as the defendant must prove that he had one." *Cadey Gewing Adv. State,* 12 S. C. L. (1 McC.) 353; *State v. Williams,* 35 S. C. 345, 14 S. E. 819.

While it is true that the State must make out its case by proving all the essential elements to make out the offense charged beyond all reasonable doubt, and until this is done the accused is in no danger, it would be stretching the doctrine of humanity beyond reason and precedent to require the State to anticipate and refute by evidence in advance beyond a reasonable doubt any supposed special defense that the defendant might interpose. We see no errors or mistakes of any kind on the part of the Circuit Court that would warrant us in sustaining the exception and reversing the judgment. Exception overruled.

Judgment affirmed.